IN THE UNITED STATES DISTRICT COURT
FOR THE DISCTRICT OF MARYLAND

| | | |
|---|---|---|
| PATRICIA BARGER | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: RDB 12-1832 |
| SIP & BITE RESTAURANT, INC., ET AL., | ) | |
|     Defendants | ) | |

## DEFENDANT SIP & BITE RESTAURANT'S ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, Sip & Bite Inc. and Anthony Vasiliades ("SB"), by their attorneys, Jay D. Miller and Miller, Murtha & Psoras, LLC, hereby answers the Amended Complaint of Plaintiff, Patricia Barger as follows:

## INTRODUCTION, VENUE AND JURISDICTION[1]

1. SB admits to the first two sentences in Paragraph 1. SB admits that it is a corporation organized under the laws of the State of Maryland and that the location of the diner is located in the Canton neighborhood of Baltimore City, Maryland. SB denies the remaining allegations in Paragraph 1.

2. SB states that the allegations in Paragraph 2 of the Amended Complaint Contain legal conclusions to which no response is required.

3. SB admits to the allegations in Paragraph 3.

---

[1] For the convenience of the Court, Sip and Bite refers throughout to the same headings utilized by Plaintiff in her Complaint. By doing so, Sip and Bite does not agree or admit that the headings are accurate, appropriate or substantiated.

4.  SB denies the allegations in Paragraph 4.

5.  SB lacks sufficient information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5. To the extent that a response is required, SB denies the allegations in Paragraph 5.

6.  SB admits to sentence one of Paragraph 6 that Mr. Anthony Vasiliades is an officer of Sip and Bite Restaurant, Inc. SB lacks sufficient information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6. To the extent that a response is required, SB denies the allegations in Paragraph 6. Also, Paragraph 6 contains legal conclusions to which no response is required.

7.  SB lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7. To the extent that a response is required, SB denies the allegations in Paragraph 7. In addition, allegations in Paragraph 7 contain legal conclusions to which no response is required.

8.  SB states that the allegation in Paragraph 8 is a legal conclusion to which no response is required.

9.  SB states that the allegation in Paragraph 9 contains a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

SB repeats and re-alleges its answers to paragraphs 1-9 with the same force and effect as if set forth fully herein

10. SB denies that Plaintiff was employed at Sip and Bite Restaurant Inc. from April 2009 to October 2011. SB admits that Plaintiff was a server.

11. SB states that the allegation in Paragraph 11 contains a legal conclusion to which

no response is required.

12. SB denies the allegation in paragraph 12.

13. SB denies the allegations in the first sentence of Paragraph 7. SB did not confiscate any of Plaintiff's credit card tips; SB did not and does not possess a payment method that permits patrons/customers to leave tips if the method of payment provided by the customer/patron is a credit/debit card. SB does have a policy in place that requires employees who are operating the cash register to pay back cash register shortages (this policy only applies to employees who are operating the cash register). SB to the extent that is required denies any additional allegations in Paragraph 13.

14. SB states that the allegations in Paragraph 14 contains legal conclusions to which no response is required. To the extent that a response is required, SB denies the allegations in Paragraph 14.

## CAUSES OF ACTIONS

## COUNT I (FLSA – FAILURE TO PAY MINIMUM WAGE)

SB repeats and re-alleges its answers to paragraphs 1-14 with the same force and effect as if set forth fully herein

15. SB states that the allegations in Paragraph 15 contains legal conclusions to which no response is required. To the extent that a response is required, SB denies the allegations in Paragraph 15.

16. SB states that the allegations in Paragraph 16 contains legal conclusions to which no response is required. To the extent that a response is required, SB denies the allegations in Paragraph 16.

## COUNT II (FLSA – FAILURE TO PAY OVERTIME)

SB repeats and re-alleges its answers to paragraphs 1-16 with the same force and effect as if set forth fully herein

17. SB states that the allegations in Paragraph 17 contains legal conclusions to which no response is required. To the extent that a response is required, SB denies the allegations in Paragraph 17.

## COUNT III (MARYLAND LAW- FAILURE TO PAY MININUM WAGE)

SB repeats and re-alleges its answers to paragraphs 1-17 with the same force and effect as if set forth fully herein

18. SB states that the allegations in Paragraph 18contains legal conclusions to which no response is required. To the extent that a response is required, SB denies the allegations in Paragraph 18.

19. SB states that the allegations in Paragraph 19 contains legal conclusions to which no response is required. To the extent that a response is required, SB denies the allegations in Paragraph 19.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below, SB does not admit or allege that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that Plaintiff is relieved of her burden to prove each and every element of her claims and the damages if any, to which she is entitled.

1. Plaintiff has failed to state any cause of action against SB, as Plaintiff has failed to properly allege sufficient facts giving rise to any claim against SB. This

includes, but is not limited to, Plaintiffs' failure to sufficiently allege ultimate facts to show to that SB has not provided wages as mandated by Federal and Maryland State law.

2. Plaintiff has failed to mitigate any alleged damages.

3. Plaintiff's causes of actions are barred by the doctrines of laches, waiver and estoppel.

4. Plaintiff's causes of action are barred, in whole or in part, by the applicable statute of limitations.

5. The amount of any judgment in favor of Plaintiff must be reduced by the amount Plaintiff receives or with reasonable certainty will receive from collateral source.

6. Plaintiff has failed to state a legal or factual basis upon which a demand for any award interest and cost against SB can be predicated.

7. Plaintiff has failed to state a legal and factual basis upon this action can be certified as a collective action pursuant to 29 U.S.C. § 216(b).

8. Plaintiff reserves the right to assert any additional affirmative defenses and matters in avoidance as may be appropriate based upon the facts and issues disclosed during the course of additional investigation and discovery.

WHEREFORE, Defendant, Sip and Bite, Inc., respectfully requests that this Honorable Court dismiss the Amended Complaint in its entirety with prejudice and award them their costs and disbursements, including attorneys' fees, incurred in defending this action together with such other relief as this Court deems just and proper.

Dated: August 12, 2012

Respectfully submitted,

**MILLER, MURTHA & PSORAS, LLC**

_____
Jay D. Miller, Esq.
Federal ID No.: 04653
1301 York Rd.
Suite 200
Lutherville, MD 21093
Telephone:    410.583.6969
Facsimile:    410.583.4706
<u>jaydmiller@mmplegal.com</u>
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 12th day of August, 2012, a copy of Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint was mailed, first class, postage prepaid, to:

Howard B. Hoffman, Esq.
600 Jefferson Plaza, Suite 304
Rockville, MD 20852
    *Attorney for Plaintiff*

                                              _____
                                              Jay D. Miller