## IN THE U.S. DISTRICT COURT OF MARYLAND
## FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Patricia Brager** | * | |
| 4119 E. Lombard Street | | |
| Baltimore, Maryland 21224 | * | |
| | | |
| *On behalf of herself and* | * | |
| *others similarly situated,* | | |
| | * | |
| **Together, "Plaintiff"** | | |
| | * | |
| v. | | Case No. RDB 12-1832 |
| | * | |
| **Sip & Bite Restaurant, Inc.** | | |
| (t/a "Sip & Bite") | * | |
| 2200 Boston Street | | |
| Baltimore, Maryland 21231 | * | |
| | | |
| a Maryland Corporation | * | |
| | | |
| **Anthony Vasiliades** | * | |
| c/o Sip & Bite | | |
| 2200 Boston Street | * | |
| Baltimore, Maryland 21231 | | |
| | * | |
| **Sophia Vasiliades** | | |
| c/o Sip & Bite | * | |
| 2200 Boston Street | | |
| Baltimore, Maryland 21231 | * | |
| | | |
| **Olymbos Properties, LLC** | * | |
| 736 South Oldham Street | | |
| Baltimore, Maryland 21231 | * | |
| | | |
| and | * | |
| | | |
| **George Vasiliades** | * | |
| 736 South Oldham Street | | |
| Baltimore, Maryland 21231 | * | |
| (as dissolving member of Olymbos | | |
| Properties, LLC, if legally dissolved) | * | |
| | | |
| **Together, "Defendants"** | * | |
| _____ | / | |

Page 1

## SECOND AMENDED COMPLAINT UNDER THE
## FAIR LABOR STANDARDS ACT FOR MONEY DAMAGES

Plaintiff, Ms. Patricia Brager, on behalf of herself and others similarly situated, and through undersigned counsel, state a collective action complaint against Defendant Sip & Bite Restaurant, Inc., Anthony Vasiliades, Sophia Vasiliades, and Olymbos Properties, LLC (or alternatively, if Olymbos Properties, LLC has been legally dissolved, George Vasiliades as its member/trustee) ("Defendants"), who together are individually and jointly liable under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and are likewise liable under a supplemental state law claim arising under Maryland's Wage and Hour Law, Md. Ann. Code LE art. 3-401 *et seq*. ("MWHL"), and demand a jury trial, as follows:

### Introduction, Venue, and Jurisdiction

1. This is a lawsuit brought by Plaintiff who worked at Defendant's "Sip & Bite," a well-known diner located in the Canton neighborhood of Baltimore City, Maryland. The Plaintiff is a resident of Baltimore City, Maryland. The individual Defendants are a married couple who operate the Sip & Bite diner, and who upon information and belief, reside in Baltimore City, Maryland. Defendant Sip & Bite Restaurant, Inc. is incorporated in Maryland. Olymbos Properties, LLC is a limited liability corporation formed under the laws of Maryland, whose charter was ostensibly (and apparently mistakenly) canceled by the State Department of Assessments and Taxation, upon the filing of an Article of Cancellation pertaining to "Olymbos Propertys I, LLC". By failing to pay the Plaintiff *any wages,* let alone the minimum wage and overtime amounts due, from time to time, Plaintiff allege that Defendants willfully violated very clear and well-established provisions of the overtime and minimum wage provisions of the FLSA. Similarly, the Plaintiff alleges that the Defendants violated the minimum wage provisions of the MWHL.

2.      In addition to actual sums owed, Plaintiff seek liquidated (statutory) damages pursuant to the FLSA and the MWPCL, pre-judgment interest on all amounts owed under the MWHL, and attorneys' fees and costs as provided under the FLSA and the MWHL.

3.      Defendant Sip & Bite Restaurant, Inc. is a corporate entity doing business as "Sip & Bite." Defendant Sip & Bite serves food and beverages to its patrons in a neighborhood diner like atmosphere. Upon further information and belief, Defendant Sip & Bite Restaurant, Inc. is run by the Mr. Anthony Vasiliades. Defendants Sip & Bite Restaurant, Inc. and Olymbos Properties, LLC are corporate entities doing business as the "Sip & Bite." Upon information and belief, Defendant Sip & Bite Restaurant, Inc. is the corporate entity who serves as the operator of the Sip & Bite. Defendant Olymbos Properties, LLC (or if legally dissolved, Plaintiff sues its dissolving member, George Vasiliades), is the corporate entity which holds the property where the Sip & Bite operates (despite is charter being cancelled by Defendant Vasiliades). Defendant Sip & Bite Restaurant, Inc. serves food and beverages to its patrons in Baltimore City, Maryland. Upon further information and belief, Defendants Sip & Bite Restaurant, Inc. and Olymbos Properties, LLC are owned (at least in part) and operated by Defendant Anthony Vasiliades. Olymbos Properties, LLC received the property at 2200 Boston Street, Baltimore, MD 21231 (the sight where Sip & Bite operates from), as part of a transfer from Defendant George Vasiliades, the patriarch/founder of the "Sip & Bite" restaurant, in a non-arms length transaction involving no or little consideration.

4.      Plaintiff worked at the Sip & Bite from April 2009 through October 2011 as a server. Plaintiff received no wages whatsoever for her work.

5.      At all times material herein, the corporate Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding

$500,000.00.

6. Defendant Anthony Vasiliades, upon information and belief, is an officer of the Defendant Sip & Bite Restaurant, Inc. Defendant Anthony Vasiliades is assigned all bookkeeping and scheduling functions. Defendant Anthony Vasiliades supervises the administration of the business, including the scheduling of servers for work. Upon information and belief, he receives dividends from Defendant Sip & Bite Restaurant, Inc. Defendant Anthony Vasiliades has actively engaged in the management and direction of employees, including the Plaintiff, and has possessed and exercised authority and discretion to fix, adjust, and determine hours worked with respect to employees at Defendant Sip & Bite Restaurant, Inc., including the Plaintiff. Upon information and belief, Defendant Anthony Vasiliades has custody and control of business records and is responsible for maintaining those records. At all times material herein, Defendant Anthony Vasiliades is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the MWHL, Md. Ann. Code, LE art. 3-401(b), and thus, Defendant Anthony Vasiliades is jointly and individually liable under for damages to the Plaintiffs arising under the FLSA, and the MWHL.

7. Defendant Sophia Vasiliades operates the Sip & Bite diner along with her husband, Anthony Vasiliades. Defendant Sophia Vasiliades directs the work of servers, and has the power to call servers, like the Plaintiff, into the restaurant to serve when business conditions require. Defendant Sophia Vasiliades is involved in assisting Defendant Anthony Vasiliades operate the Sip & Bite Restaurant, and is involved in supervision at every level. Defendant Sophia Vasiliades, on occasion, asked Plaintiff and other servers to cover cash register shortages with their own cash tips. At all times material herein, Defendant Sophia Vasiliades, who had the power to (and did) direct the work of the Plaintiff, is an "employer" within the

meaning of the FLSA, 29 U.S.C. § 203(d), and the MWHL, Md. Ann. Code, LE art. 3-401(b), and thus, Defendant Sophia Vasiliades is jointly and individually liable under for damages to the Plaintiffs arising under the FLSA, and the MWHL.

8. Defendants Sip & Bite Restaurant, Inc., Olymbos Properties, LLC, and still other undiscovered corporate entities owned and/or operated by Defendants Anthony Vasiliades and George Vasiliades (and potentially other family members), together, a single enterprise/joint employer, have at least two or more employees who are engaged in commerce, produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce. For instance, there are employees of the Defendants who negotiate and purchase food from producers and suppliers who operate in interstate commerce. There are employees who cook, serve, and otherwise handle this food, as well as alcoholic beverages, that cross interstate and even international boundaries. There are employees who regularly use wire and electronic means of communicating interstate, including the Plaintiff and other similarly situated servers, who also regularly sell food that has moved in interstate commerce, and who regularly process credit card transaction for customer payments. There are employees who use, in the Defendants' restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce. Accordingly, subject matter jurisdiction exists because the Plaintiff is employed by the Defendants, a single covered enterprise, which satisfies the enterprise coverage provisions under the FLSA. Defendants also satisfy the coverage provisions of the MWHL. As a single enterprise, Defendants have been at all times material herein an "employer" within the meaning of the FLSA and MWHL.

9. Venue is proper.

10. This Court has subject matter jurisdiction to hear these FLSA claims and may exercise supplemental jurisdiction over the MWHL claims.

## Factual Allegations

11. Through various months ranging from April 2009 through October 2011, Plaintiff Brager worked as a server. She took food/beverage orders from guests of the Sip & Bite restaurant.

12. Plaintiff was not exempt under the FLSA's minimum wage and overtime requirements, and were not exempt from the MWHL's minimum wage requirements.

13. At various times, Plaintiff worked in excess of a forty hour workweeks. Generally, she worked at least 48 hours a week.

14. The Plaintiff was paid nothing by the Defendants. She was allowed to retain only her *cash* tips left by customers. In addition, if there were customer walkouts and cash register shortages, she was forced to repay the Defendants out of her cash tips.

15. Defendants have violated Plaintiff's right to be paid the full minimum wage, and the rights of other similarly situated workers. While the FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C. § 203(m), the employer must still pay at least $2.13/hour under the FLSA and $3.63/hour under the MWHL. In addition, the employer must also inform the employee that it will take a tip credit. Defendants did not comply with the requirements of 29 U.S.C. § 203(m) and Md. Ann Code LE art. § 3-419.

## Causes of Action

### COUNT I
**(FLSA - Failure to Pay Minimum Wage)**
**(Plaintiffs v. All Defendants)**

16. Plaintiff incorporate paragraphs 1-15 as set forth above, and state that Defendants'

actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because Defendants at all times during the Plaintiff's employment, failed to pay the Plaintiff, and others similarly situated, the proper minimum wage rate, free and clear.

17. As a result, Plaintiff, and others similarly situated, have the legal right to receive the full minimum wage, as required by Federal law and applicable Federal regulations.

## COUNT II
### (FLSA - Failure to Pay Overtime)
### (Plaintiff v. All Defendants)

18. Plaintiff incorporates paragraphs 1-17 as set forth above, and states, in addition, that Defendants' actions complained of herein constitute a violation of Section 207 of the FLSA, because Defendants failed to pay the Plaintiff, and others similarly situated, an overtime wage of at least 1 ½ times the applicable minimum wage, for certain statutory work weeks, and as a result, Plaintiff, and others similarly situated, have failed to receive overtime pay, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

## COUNT III
### (Maryland Wage/Hour Law - Failure to Pay Minimum Wage)
### (Plaintiff v. All Defendants)

19. Plaintiff incorporate paragraphs 1-18 as set forth above, and state that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE art. § 3-413 (minimum wage), because Defendants at all times during the Plaintiff's employment, failed to pay the Plaintiff, and others similarly situated, the proper minimum wage rate, free and clear.

20. As a result, Plaintiff, and others similarly situated, have the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations.

**<u>Prayer</u>**

Based on the foregoing allegations, Plaintiffs respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a)     Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), issue an appropriate Notice to potential opt-in Plaintiffs who performed work at the Sip & Bite Restaurant, Inc., and supervise the maintenance of this collective action;

(b)     Order Defendants to pay Plaintiff, and others Opt-In Plaintiffs, all unpaid minimum wage payments and overtime premiums determined by the Court to be due and owing, under the FLSA (and under the Maryland Wage/Hour law), as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments and overtime premiums awarded to Plaintiffs;

(c)     Award Plaintiffs their attorneys' fees and costs in pursuing this action;

(d)     Award Plaintiffs interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(e)     Grant Plaintiffs any additional relief that the Court deems appropriate and just.

Respectfully submitted,


*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar No. 25965
600 Jefferson Plaza, Suite 304
Rockville, Maryland 20852
(301) 251-3752
(301) 251-3753 (fax)

**Jury Demand**

The Plaintiff, by her attorney, hereby demands a jury trial as to all issues triable by a jury, including all of the claims made by an Opt-In Plaintiff who participates in this action.

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th of September, 2012, a copy of the foregoing Plaintiffs' Second Amended Complaint, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.