IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Ms. Patricia Brager** | * | |
| **Plaintiff** | * | |
| v. | * | Case No. RDB 12-1832 |
| **Sip & Bite Restaurant, Inc., et al.** | * | |
| **Defendants** | * | |
| _____/ | | |

**JOINT MOTION FOR APPROVAL OF
FLSA SETTLEMENT**

Plaintiff, Ms. Patricia Brager, together with the Defendants, Sip & Bite Restaurant, Inc., et al., jointly move this Court for an Order granting an approval of their settlement reached in this Fair Labor Standards Act ("FLSA") action.

**I.  Standard of Review**

"Under the FLSA, 'there is a judicial prohibition against the unsupervised waiver or settlement of claims.' " Kianpour v. Restaurant Zon, Inc., et al., DKC 11-0802, 2011 WL 5375082, *2 (D. Md. Nov. 4, 2011) (quoting Taylor v. Progress Energy, Inc., 493 F.3d 454, 460 (4th Cir. 2007)).  "Nevertheless, '[c]laims for FLSA violations can … be settled when the settlement is supervised by the [Department of Labor] or a court.' " Id. (quoting Taylor v. Progress Energy, Inc., 415 F.3d 364, 374 (4th Cir. 2004) (alterations in original); see also Gionfriddo et al. v. Jason Zink, LLC, et al., RDB 09-1733, 2011 WL 2791136, *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval.").

"While the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit have typically

employed the considerations set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982)."  Kianpour, 2011 WL 5375082 at *2; see also Gionfriddo, supra at *2 (indicating the "factors used to evaluate class action settlements under Federal Rule of Civil Procedure 23(e) are usually applied.")

According to Judge Chasanow in the Kianpour decision, one requirement is that "parties requesting approval of a proposed settlement 'must provide enough information for the court to examine the bona fides of the dispute[.]' "  Id.; see also Lane v. Ko-Me, LLC, 2011 WL 3880427, *2 (D. Md. Aug. 31, 2011) ("[P]arties requesting approval of a proposed settlement 'must provide enough information for the court to examine the bona fides of the dispute… .' ") (quoting Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1241-42 (M.D. Fla. 2010)).  As observed in Lopez v. NTI, LLC, 748 F.Supp.2d 471, 479 (D. Md. 2010), the decision in Lynn's Food Stores suggests that an FLSA settlement should be approved if the settlement reflects a "*reasonable compromise*" over issues.  Lopez, 748 F.Supp.2d at 478.

A parties' motion must therefore describe the nature of the dispute, resolved by compromise.  Kianpour, 2011 WL 5375082 at *2 (citing Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1241-42 (M.D. Fla. 2010).  According to the Dees decision, "implementation of the FLSA is frustrated if an employer can extract a disproportionate discount on FLSA wages in exchange for an attenuated defense to payment."  Dees, 706 F.Supp.2d at 1241-42.

In addition, the Court must also assess the reasonableness of the proposed award of attorneys' fees.  Kianpour, 2011 WL 5375082, at *3; see also Gionfriddo, 2011 WL 2791136, at *3 (denying approval of settlement agreement because the parties did not provide sufficient documentation to support the attorneys' fees stated in the settlement agreement.").  The reasonableness of the fee award proposed in an FLSA settlement must be independently

assessed, regardless of whether there are claims that a conflict of interest has tainted an employee's recovery. Kianpour, 2011 WL 5375082, at *3. According to Lopez, the Lynn's Food Stores and other similar cases "recognize a role for less-than-full-value compromise in the FLSA settlement process. Lopez, 748 F.Supp.2d at 478. As Judge Chasanow observed in Kianpour, a Court must be satisfied that both counsel for the Plaintiffs are compensated adequately, and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. Kianpour, 2011 WL 5375082, at * 3. If a motion demonstrates that a proposed fee award was agreed upon separately and without regard to the amount paid to the plaintiff, then unless there is reason to believe that the plaintiff's recovery was somehow adversely affected by the amount of fees to be paid to the attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiffs' counsel. Id.; see also Phelps v. Detail USA, Inc., 2012 WL 254113, *2 (M.D. Fla. Jan. 19, 2012) ("...when attorney's fees are negotiated separately from payment to plaintiff(s), 'an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents.' " (citation omitted)).

## II.   Facts

Following conversations and communications between the parties that began in earnest in September 2012, the parties have now reached a proposed settlement contingent upon Court approval. The parties have drafted a formal Settlement Agreement and Full and Final Release ("Settlement Agreement"), which provides that the Plaintiff will receive $47,500.00 to cover compensatory and liquidated damages. The Settlement Agreement also provides for attorneys' fees and costs in the amount of $12,750.00. The amount of fees and costs to be paid were negotiated separately and secondarily to the Plaintiff's compensatory and liquidated damage

recovery.

The parties jointly submit the following facts:

- ➢ This is a case arising under the FLSA, involving a restaurant worker who claimed that she performed work for which she received no compensation. Specifically, the Plaintiff in this case claimed that she worked as a restaurant server, receiving only cash tips from customers, and that she worked as many as 48 hours per week from April 2009 through October 2011.

- ➢ Defendants disputed the liability of this case. Defendants claimed that the Plaintiff requested this arrangement, and that the Plaintiff worked 32 hours per week and only from April 2009 through April 2011.

- ➢ The Defendants also raised the issue as to whether the FLSA covers its enterprise, an issue which the Plaintiff was prepared to contest.

- ➢ Both parties have been prepared to file dispositive motions over some or all of the claims and/or defenses in this case.

- ➢ The parties have taken and exchanged discovery. All counsel are satisfied that they have had ample opportunity to evaluate and consider the viability of claims and defenses raised in this case. The parties have disputed the potential range of loss in this case, and dispute the proper amount of damages to be awarded to the Plaintiff, if Plaintiff was successful at Trial. Plaintiff has produced a report from an expert witness that she designated, calculating the potential range of losses.

- ➢ The parties have compromised their claims and defenses in amounts mutually agreeable. The Plaintiff has taken into account the risk in proceeding, i.e., that the FLSA does not cover the Defendants' enterprise, and even if it does, that

certain evidence may allow a jury to find that the Defendants did not willfully violate the FLSA. Finally, there is a risk in the collectability of any judgment against a small restaurant. In sum, Plaintiff might not receive the full damages that she seeks if the matter fully proceeded to Trial.

- If discovery in this case continued, and dispositive motions were filed, the parties would most likely have a Trial date in late 2013 or early 2014. A Trial in this case would be at least two days long. The parties are all desirous of resolving this dispute before that time, and avoiding the costs and uncertainty of Trial.

- The Court has not resolved the issue of liability, much less damages, prior to the parties' compromise of these claims.

- The Plaintiff has accepted a settlement of $47,500.00 as a compromise and settlement of her compensatory and liquidated damage claim, and has accepted a settlement of $12,750.00 as a compromise of her attorneys' fees and costs. Prior to reaching an agreement on fees and costs, the Defendant was provided a detailed listing of Plaintiff's fee record.

## III.  Joint Request

The parties submit a copy of the parties executed "Settlement Agreement with General Release," as Exhibit 1,[1] and in support of this Motion state as follows:

1. FLSA coverage, and thus the availability of liquidated damages, was a hotly contested issue in this case.

2. The manner in which damages were to be calculated with respect to the Plaintiff

---

[1] The Settlement Agreement lacks the signature of George Vasiliades and Olymbos Properties, LLC, but that is only because Mr. Vasiliades is out of the country and expected to return shortly.

      remained an issue of dispute between the parties, as dates and hours of work were contested.

3. Notwithstanding, calculations were performed of the approximate damages which Plaintiff could potentially receive following Trial.

4. Multiple conversations and written communications were exchanged between counsel, regarding the merits of this action and issues relating to the Plaintiff's FLSA claims (including the manner in which minimum wage and overtime wages would be calculated).[2]

5. The Plaintiff has been advised in writing of the basic terms of the proposed settlement, and undersigned counsel for the Plaintiff reports that the Plaintiff does not object to the proposed settlement.  In the opinion of counsel for the Plaintiff, who is experienced in both prosecuting and defending cases such as this, the value of the settlement is fair in light of the facts and special circumstances unique to this case.

6. The parties have also reached an agreement with respect to statutory attorney fee shifting and cost claims.  The Plaintiff's fees records are attached hereto as Exh. 2.  The value of the fees and costs are in excess of $17,000.00, but the parties have reached a compromise in the amount of $12,750.00.  There is no objection by the Defendants as to the amount of fees and costs.[3]  Although the time is not

---

[2]     Plaintiffs' counsel was unable to locate, even though some pre-certification advertising, any potential opt-in Plaintiffs.  Accordingly, although this case was filed as a putative collective action against the Defendants, given the lack of apparent interest and the small operation, pursuing collective certification did not appear to be a goal worth pursuing.

[3]     Cf. Victor Stanley, Inc. v. Creative Pipe, Inc., 2011 WL 2552472, *4 (D. Md. Jan. 24, 2011) (Grimm, J.) ("While the fee applicant is under a primary duty to provide sufficient detail to justify a requested attorney's fee award, *the party or parties opposing such an award have a concomitant duty to specify with particularity the basis for their objections.  To allow this Court to evaluate the objection fairly, this requires sufficient detailed references to the challenged time entries and explanation for the basis of the challenge*.") (italics in original)

in the format required by the Local Rules, a basic review of the time reveals that Plaintiff's counsel did not engage in "block billing" and exercised billing discretion by marking certain entries as "gratis" or "no charge."  See Exh. 2; see Miller v. U.S. Foodservice, Inc., 2006 WL 2547212, *1 (D. Md. Aug. 30, 2006) (Blake, J.) (describing the practice of block-billing as "a list of multiple tasks performed within a single time entry that does not identify the portion of work performed on each included task[,]" and rejecting its use in a fee shifting case).

7. Importantly, Plaintiff has not objected to the settlement of counsel fees and costs.

Because the fee and cost determination has been decided separately and without regard to the amount paid to the Plaintiff (are remain proportional), the Court need not be concerned, at least with respect to this instant Motion, as to the reasonableness of the fees and costs requested by the Plaintiff.  See Kianpour, supra.

WHEREFORE, the parties respectfully request that the Court grant this Motion, approve this proposed FLSA Settlement, and issue an Order in the form of the Proposed Order Approving Settlement, submitted contemporaneously herewith.

Respectfully submitted,

| /s/ | /s/ (signed with permission) |
|---|---|
| Howard B. Hoffman, Esq. | Taren Stanton, Esq. |
| Federal Bar No. 25965 | Federal Bar No. 28679 |
| 600 Jefferson Plaza, Ste. 304 | Thompson Hine, LLP |
| Rockville, Maryland 20852 | 1919 M Street, NW |
| (301) 251-3752 | Washington, DC 20036 |
|  | (202) 263-4142 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November, 2012, a copy of the foregoing Joint Motion for Approval of FLSA Settlement, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

_____/s/_____
Howard B. Hoffman